**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>TIMEX GROUP USA, INC.<br><br>    Defendant. | C.A. No. 16-686-GMS<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies") hereby alleges for its Complaint for Patent Infringement against the above-named Defendant, on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

THE PARTIES

1. Plaintiff Blackbird Technologies is a limited liability company organized under the laws of Delaware, with its principal place of business located at 200 Baker Avenue, Suite 203, Concord, MA 01742.

2. On information and belief, Defendant Timex Group USA, Inc. ("Timex") is a corporation organized under the laws of Delaware, with its principal place of business located in Middlebury, Connecticut. Timex's registered agent for service is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

4. Subject matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5. This Court has personal jurisdiction over Defendant because Defendant is subject to general and specific jurisdiction in the State of Delaware.

6. Defendant is a Delaware corporation.

7. Defendant regularly conducts business in the State of Delaware, including by selling and/or offering to sell products, such as activity monitors, in the State of Delaware. For example, Defendant uses product dealers and distributors in the United States to offer to sell and sell fitness trackers in Delaware, among other states, including timex.com and amazon.com. Defendant has established minimum contacts with this forum.

8. Defendant's actions constitute patent infringement in this District in violation of 35 U.S.C. § 271, and Defendant has placed infringing products into the stream of commerce, with the knowledge and understanding that such products are sold and/or offered for sale in this District. The acts by Defendant have caused injury to Blackbird Technologies within this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and § 1400(b) and because Defendant transacts business within this District and has sold and/or offered for sale in this District products that infringe claims of U.S. Patent Nos. 6,175,608 and 6,434,212 (collectively, the "Patents-in-Suit").

BACKGROUND

10. Defendant's product line includes, but is not limited to, the Health Tracker for Women and the Move x20.

11. Defendant's manufacture, use, import, offer for sale, and/or sales of the Health Tracker for Women and the Move x20 infringe one or more claims of each of the Patents-in-Suit.

12. Blackbird Technologies' initial complaint was filed on August 9, 2016. On or about August 10, 2016, Blackbird Technologies sent a copy of the initial complaint, including a copy of the 212 Patent, to Defendant via priority U.S. mail. Upon information and belief, Defendant received such correspondence.

13. Defendant was served the initial complaint on August 30, 2016.

## THE PATENTS-IN-SUIT

14. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

15. On August 13, 2002, U.S. Patent No. 6,434,212 (the "212 Patent") entitled "Pedometer," a true and correct copy of which is attached hereto as Exhibit 1, was duly and legally issued by the U.S. Patent and Trademark Office. Blackbird Technologies is the owner by assignment of all right, title, and interest to the 212 Patent, including all right to recover for any and all infringement thereof. The 212 Patent is valid and enforceable.

16. On January 16, 2001, U.S. Patent No. 6,175,608 (the "608 Patent") entitled "Pedometer," a true and correct copy of which is attached hereto as Exhibit 7, was duly and legally issued by the U.S. Patent and Trademark Office. Blackbird Technologies is the owner by assignment of all right, title, and interest to the 608 Patent, including all right to recover for any and all infringement thereof. The 608 Patent is valid and enforceable.

17. The 212 and 608 Patents concern pedometers and exercise monitoring devices. A pedometer or other exercise monitoring device is not a general purpose computer. At the time of invention, those working in the field knew that it would be useful for pedometers and other

exercise monitoring devices to track various fitness-related activities, such as the distance travelled by a person wearing or otherwise carrying the device while travelling by foot. However, although some exercise monitoring devices known at the time of invention could estimate distance travelled, they utilized many various designs to do so, with highly varying degrees of accuracy.

18. The designs claimed in the 212 and 608 Patents represent specific improvements to the exercise monitoring device itself – including, in Claim 6 of the 212 Patent, a step counter, a transmitter, a mountable receiver, and a programmed data processor, or in Claim 5 of the 608 Patent, a step counter, a transmitter, a mountable receiver, and a programmed data processor – as well as to the technological processes relied upon by such devices to estimate distance travelled.

19. With respect to foot travel, the length of a person's stride (stride length) generally varies with how many strides the person is taking over a given period of time (stride rate). Moreover, the relationship between stride length and stride rate itself varies from person to person. Improvements claimed in the 212 and 608 Patents resulted from the inventor conceiving of specific design configurations for pedometers and other exercise monitoring devices that could effectively utilize these relationships to improve the accuracy of distance calculations by enabling the device to efficiently account for changes in a user's pace during a workout without losing accuracy in distance calculation. For example, pedometers and other exercising monitoring devices claimed in the 212 and 608 Patents include data processors, step counters, transmitters, and receivers arranged and programmed in specific ways in order to apply the relationship between stride length and stride rate and to accommodate the varying nature of that relationship across individuals, and ultimately in order to improve accuracy. Pedometers and

other exercising monitoring devices claimed in the 212 and 608 Patents optionally further include componentry for supporting, performing, and utilizing a calibration function that effectuates the inventor's recognitions about variations in stride by analyzing input signals and performing calculations based on those signals.

20. Advantages for the user of pedometers embodying the claimed designs include convenience and accuracy. For the manufacturer, such advantages include lower costs of manufacturing.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,434,212

21. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

### Health Tracker for Women

22. Defendant has infringed literally and/or under the doctrine of equivalents one or more of the claims of the 212 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and/or elsewhere in the United States, the Health Tracker for Women, which is covered by at least claim 6 of the 212 Patent.

23. The Health Tracker for Women is a pedometer. Ex. 2 (Health Tracker Watch User Guide) at 3.

24. The device includes a step counter: according to Timex, the Health Tracker for Women includes a "walk sensor" that "starts automatically • runs in all modes • counts up to 99,999 steps each day." Ex. 2 (Health Tracker Watch User Guide) at 3.

25. The Health Tracker for Women can display "steps," therefore it must include a transmitter in communication with the step counter to generate a step count signal corresponding

to each step and transmit the step count signal as well as a receiver to receive the step count signal transmitted from the transmitter. Ex. 2 (Health Tracker Watch User Guide) at 4, 5.

26. The receiver is mountable on a user body portion, namely the wrist. Ex. 3 (Timex Health Tracker web page).

27. The Health Tracker for Women includes a data processor programmed to calculate the distance travelled by the user. Ex. 2 (Health Tracker Watch User Guide) at 4.

28. To calculate distance, the device multiplies the number of steps counted by the step counter by a stride length that varies in accordance with a stride rate. Ex. 2 (Health Tracker Watch User Guide) at 4.

29. The stride length is determined, at least in certain configurations, with reference to a range of stride lengths calculated from a range of corresponding stride rates.

30. According to Timex, "calibrating the sensor to [the user's] precise stride length will result in the most accurate distance calculations from [the] Health Tracker watch." Ex. 2 (Health Tracker Watch User Guide) at 8.

31. Users can calibrate the sensor automatically for both walking and running strides. Ex. 2 (Health Tracker Watch User Guide) at 8.

32. As such, at least claim 6 of the 212 Patent reads on the Health Tracker for Women.

### Move x20

33. Further, Defendant has infringed literally and/or under the doctrine of equivalents one or more of the claims of the 212 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and/or elsewhere in the United States, the Move x20, which is covered by at least claim 6 of the 212 Patent.

34. The Move x20 is a pedometer. Ex. 4 (Timex Move x20 Specs screenshot); Ex. 5 (Move x20 Instruction Manual) at 4.

35. According to Timex, the Move x20 is an activity monitor that tracks steps and distance. Ex. 4 (Timex Move x20 Specs screenshot); Ex. 5 (Move x20 Instruction Manual) at 2, 4.

36. The device includes a step counter. Ex. 5 (Move x20 Instruction Manual) at 4; Ex. 6 (Teardown Advertisement).

37. The Move x20 can display "steps," therefore it must include a transmitter in communication with the step counter to generate a step count signal corresponding to each step and transmit the step count signal as well as a receiver to receive the step count signal transmitted from the transmitter. Ex. 5 (Move x20 Instruction Manual) at 4.

38. The receiver is mountable on a user body portion, namely the wrist. Ex. 5 (Move x20 Instruction Manual) at 4.

39. The Move x20 includes a data processor programmed to calculate the distance travelled by the user. Ex. 6 (Teardown Advertisement); Ex. 5 (Move x20 Instruction Manual) at 11.

40. According to Timex, the stride lengths utilized to estimate distance travelled by the Move x20 "can be calibrated to provide more accurate distance information;" and "to improve the distance accuracy, the device should be calibrated to your personal stride." Ex. 5 (Move x20 Instruction Manual) at 15; Ex. 7 (Calibration Screen Grab).

41. Such calibration "will give [the user] a customized walk/run stride [length]." Ex. 5 (Move x20 Instruction Manual) at 15.

42. During calibration, the user is instructed to enter how far he or she actually walked. Exs. 8-9 (Walk Screen Grabs 1 and 2).

43. During calibration, the user is also instructed to enter how far he or she actually ran. Exs. 11-12 (Run Screen Grabs 1 and 2).

44. After entering the distance walked during calibration, the device calculates a "new walk stride [length]." Ex. 10 (Walk Screen Grab 3).

45. In addition, after entering the distance run during calibration, the device calculates a "new run stride [length]." Ex. 13 (Run Screen Grab 3).

46. The walk stride length and the run stride length determined during calibration are different. Exs. 10, 13 (Walk Screen Grab 3, Run Screen Grab 3).

47. "Walking" and "running" represent different stride rates.

48. Therefore, on information and belief, the data processor on the Move x20 is programmed to calculate a distance traveled by multiplying a number of steps counted by a stride length that varies according to a rate at which steps are taken.

49. On information and belief, the data processor is further programmed to derive an actual stride length from a range of stride lengths calculated from the range of corresponding rates established during calibration.

50. As such, at least claim 6 of the 212 Patent reads on the Move x20.

### Induced Infringement

51. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

52. In addition, Timex has actively induced infringement of the 212 Patent by instructing end users of the Health Tracker for Women and Move x20 devices to use those

devices. As explained above, these devices are covered by at least claim 6 of the 212 Patent. Accordingly, end users' use of these devices is an act of direct infringement. Timex actively induces this direct infringement by instructing and encouraging end users to use these devices, including the calibration features described in detail above. For example, Defendant's literature instructs that "[c]alibrating the sensor to [the user's] precise stride length will result in the most accurate distance calculations from [the] Health Tracker watch," and instructing users to calibrate their sensors for "more accurate pace and distance calculations." Ex. 2 (Health Tracker Watch User Guide) at 8. By way of further example, Defendant's literature instructs that calibration will "provide more accurate distance information," and instructing users to calibrate their sensors for "a customized walk/run stride." Ex. 5 (Move x20 Instruction Manual) at 15. Defendant markets and otherwise touts the accuracy of the devices in question, which is based on an infringing design. Timex actively induced these actions while knowing that the induced acts constitute infringement of the 212 Patent, which for example has been detailed in both the original complaint and this amended complaint. Defendant has had actual knowledge of the 212 Patent since at least on or about August 10, 2016, when a copy of the original complaint as well as a copy of the 212 Patent were provided to Defendant via letter correspondence and, since that time, has been aware that the Health Tracker for Women and Move x20 devices infringe the 212 Patent. Accordingly, since at least that time and upon information and belief, Timex has specifically intended its customers to infringe the 212 Patent and has known that its customers' acts constitute infringement.

### Willful Infringement

53. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

54. Defendant's infringement of at least claim 6 of the 212 Patent has been and continues to be willful. Defendant has had notice of the 212 Patent since at least on or about August 10, 2016, when a copy of the original complaint as well as a copy of the 212 Patent were provided to Defendant via letter correspondence and, since at least that time, has had knowledge of the objectively high likelihood of infringement.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,175,608

55. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

Move x20

56. Defendant has infringed literally and/or under the doctrine of equivalents one or more of the claims of the 608 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and/or elsewhere in the United States, the Move x20, which is covered by at least claims 5 and 11 of the 608 Patent.

57. The Move x20 is a pedometer. Ex. 4 (Timex Move x20 Specs screenshot); Ex. 5 (Move x20 Instruction Manual) at 4.

58. According to Timex, the Move x20 is an activity monitor that tracks steps and distance. Ex. 4 (Timex Move x20 Specs screenshot); Ex. 5 (Move x20 Instruction Manual) at 2, 4.

59. The device includes a step counter. Ex. 5 (Move x20 Instruction Manual) at 4; Ex. 6 (Teardown Advertisement).

60. The Move x20 can display "steps," therefore it must include a transmitter in communication with the step counter to generate a step count signal corresponding to each step

and transmit the step count signal as well as a receiver to receive the step count signal transmitted from the transmitter. Ex. 5 (Move x20 Instruction Manual) at 4.

61. The receiver is mountable on a user body portion, namely the wrist. Ex. 5 (Move x20 Instruction Manual) at 4.

62. The Move x20 includes a data processor programmed to calculate the distance travelled by the user. Ex. 6 (Teardown Advertisement); Ex. 5 (Move x20 Instruction Manual) at 11.

63. According to Timex, the stride lengths utilized to estimate distance travelled by the Move x20 "can be calibrated to provide more accurate distance information;" and "to improve the distance accuracy, the device should be calibrated to your personal stride [length]." Ex. 5 (Move x20 Instruction Manual) at 15; Ex. 7 (Calibration Screen Grab).

64. Such calibration "will give [the user] a customized walk/run stride [length]." Ex. 5 (Move x20 Instruction Manual) at 15; Ex. 7 (Calibration Screen Grab).

65. During calibration, the user is instructed to enter how far he or she actually walked. Exs. 8-9 (Walk Screen Grabs 1 and 2).

66. During calibration, the user is also instructed to enter how far he or she actually ran. Exs. 11-12 (Run Screen Grabs 1 and 2).

67. After entering the distance walked during calibration, the device calculates a "new walk stride [length]." Ex. 10 (Walk Screen Grab 3).

68. In addition, after entering the distance run during calibration, the device calculates a "new run stride [length]." Ex. 13 (Run Screen Grab 3).

69. Therefore, on information and belief, the data processor on the Move x20 is programmed to use the step count signal to calculate a stride rate and a stride length from a

plurality of walks or runs each over a known distance to generate a range of corresponding strides rates and stride lengths.

70. On information and belief, the data processor uses the resulting range of corresponding stride rates and stride lengths to calculate distance in subsequent walks or runs.

71. Therefore, on information and belief, the data processor on the Move x20 is programmed to use the step count signal to calculate a stride rate and a stride length from a plurality of walks or runs each over a known distance to generate a range of corresponding strides rates and stride lengths, and in subsequent walks or runs, calculate an actual stride rate from the number of strides counted by the step counter over a unit of time, compare the actual stride rate with the range of corresponding generated stride rates and stride lengths, and therefrom, calculate an actual stride length to be used in calculating an actual distance traveled. Ex. 5 (Move x20 Instruction Manual) at 15; Ex. 6 (Teardown Advertisement).

72. As such, at least claim 5 of the 608 Patent reads on the Move x20.

73. The Move x20 can also display "Distance," and therefore includes a receiver configured to process the step count signal and display the distance traveled on a viewing screen. Ex. 5 (Move x20 Instruction Manual) at 4.

74. As such, at least claim 11 of the 608 Patent reads on the Move x20.

### Induced Infringement

75. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

76. In addition, Timex will actively induce infringement of the 608 Patent by instructing end users of the Move x20 device to use that device. As explained above, this device is covered by at least claim 5 of the 608 Patent. Accordingly, end users' use of this device is an

act of direct infringement. Timex actively induces this direct infringement by instructing and encouraging end users to use this device, including the calibration feature described in detail above. For example, Defendant's literature instructs that calibration will "provide more accurate distance information," and instructing users to calibrate their sensors for "a customized walk/run stride." Ex. 5 (Move x20 Instruction Manual) at 15. Defendant markets and otherwise touts the accuracy of the device in question, which is based on an infringing design. Timex actively induces these actions while knowing that the induced acts constitute infringement of the 608 Patent, which for example has been detailed in this amended complaint. Defendant will have had actual knowledge of the 608 Patent since at least on or about November 14, 2016, when this amended complaint was filed and served and, at least after that time, has been aware that the Move x20 device infringes the 608 Patent. Accordingly, since at least that time and upon information and belief, Timex has specifically intended its customers to infringe the 608 Patent and has known that its customers' acts constitute infringement.

Damages

77.  Blackbird Technologies is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the 212 and 608 Patents.

78.  Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the 212 and 608 Patents.

79.  As a consequence of Defendant's infringement of the 212 and 608 Patents, Blackbird Technologies is entitled to recovery of damages in the form of, at a minimum, a reasonable royalty.

80. As a consequence of Defendant's willful infringement, Blackbird Technologies is entitled to enhanced damages for Defendant's willful infringement of the 212 Patent pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

81. WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A. Adjudging that the 212 and 608 Patents are valid and enforceable;

B. Adjudging that Defendant has infringed one or more claims of the 212 and 608 Patents, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

C. An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for its past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. Ordering Defendant to continue to pay royalties to Blackbird Technologies for any continuing or future infringement of the 212 and 608 Patents on a going-forward basis;

E. Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages;

F. Enhancement and/or trebling of Plaintiff's damages for Defendant's willful infringement of the 212 Patent pursuant to 35 U.S.C. § 284; and

G. Blackbird Technologies be granted such further relief as this Court deems just and proper under the circumstances.

DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

Dated: November 14, 2016

OF COUNSEL

Christopher Freeman
cfreeman@blackbird-tech.com
Wendy Verlander
wverlander@blackbird-tech.com
Deborah Yates
dyates@blackbird-tech.com
Blackbird Tech LLC d/b/a
Blackbird Technologies
200 Baker Avenue, Suite 203
Concord, MA 01742
(617) 307-7100

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
  stamoulis@swdelaw.com
Richard C. Weinblatt #5080
  weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Blackbird Tech LLC*
*d/b/a Blackbird Technologies*