### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>     Plaintiff,<br><br>v.<br><br>TIMEX GROUP USA, INC.<br><br>     Defendant. | C.A. No. 1:16-cv-00686-GMS |

### JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's November 10, 2016 Order, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties conferred as required by the Fed. R. Civ. P. 26(f). Deborah Yates of Blackbird Technologies and Stamatios Stamoulis of Stamoulis and Weinblatt LLC participated on behalf of Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Plaintiff" or "Blackbird Technologies") and John L. Cordani Jr. of Carmody Torrance Sandak & Hennessey LLP and Andrew Russell of Shaw Keller LLP participated on behalf of Defendant Timex Group USA, Inc. ("Defendant" or "Timex").

    **1.**    **Jurisdiction and Service:**

The parties agree this Court has subject matter jurisdiction over Blackbird Technologies' claim for patent infringement under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction). Blackbird Technologies further contends that Defendant is subject to personal jurisdiction in this District and was properly served. Defendant does not dispute personal jurisdiction or service for purposes of this case.

### 2. Substance of the Action:

This is a patent-infringement action. Blackbird Technologies has sued Defendant for allegedly infringing U.S. Patent No. 6,434,212 (the "212 Patent") entitled, "Pedometer" and U.S. Patent No. 6,175,608 (the "608 Patent") entitled "Pedometer" (together, the "patents-in-suit"). Blackbird Technologies alleges that Defendant imports, makes, uses, sells, and/or offers to sell wearable devices that infringe the patents-in-suit.

### 3. Identification of Issues:

The parties have identified the following principal disputed issues:

a.) Construction of any disputed patent claim terms or phrases.

b.) Whether Defendant is liable for infringement of the patents-in-suit pursuant to 35 U.S.C. § 271.

c.) For any proven patent infringement, the amount of relief due to Plaintiff, including monetary relief under 35 U.S.C. § 284.

d.) Whether the asserted claims of the 212 and 608 patents are valid and enforceable.

e.) Whether Timex is entitled to an award of attorneys' fees, costs, and/or expenses under 35 U.S.C. § 285.

### 4. Narrowing of Issues:

The parties believe that the issues of this case can most efficiently and effectively be tried by consolidating the pending cases concerning the 212 Patent for discovery and claim construction.

### 5. Relief:

Blackbird Technologies seeks a judgment that Defendant has infringed and continues to infringe the patent-in-suit. Blackbird Technologies further seeks damages adequate to compensate for wrongful infringement by Defendant. Blackbird seeks enhancement and/or trebling of

damages pursuant to 35 U.S.C. § 284. Blackbird Technologies additionally seeks the award of interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial.  Blackbird Technologies also seeks other and further relief and all remedies available at law.  The amount of damages is unknown at this time, as Blackbird Technologies will require discovery related to infringing sales and activities and a damages analysis to calculate a reasonable royalty pursuant to the factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

**6.  Amendment of Pleadings:**

The parties have agreed that all amendments to pleadings, other than to plead willfulness or inequitable conduct, or for good cause shown, shall be submitted no later than **June 5, 2017**.

**7.  Joinder of Parties:**

The parties have agreed that all joinder of parties, other than for good cause shown, shall occur no later than **June 5, 2017**.

**8.  Discovery:**

The parties believe that all fact discovery will be completed by **March 30, 2018**.  The parties are concurrently filing a joint scheduling order, and have attached the proposed deadlines for discovery in this case as Exhibit A.  The parties shall exchange privilege logs by **September 8, 2017**.  The parties shall not be required to log any documents generated on or after the filing date of the instant action.  Additionally, the parties propose that the default limits on discovery contained in the Federal Rules of Civil Procedure shall apply, absent leave, however the parties propose that each side shall be entitled to up to fourteen (14) hours of total deposition testimony of the other side pursuant to Federal Rule of Civil Procedure 30(b)(6).

**9. Estimated trial length:**

The parties believe that trial will last for **3-4 days.**

**10. Jury trial:**

The parties have requested a jury trial.

**11. Settlement:**

The parties have not engaged in settlement discussions. The parties consent to having this case referred to mediation before a magistrate judge. Plaintiff is amenable to mediation at any time. Defendant believes that mediation will be more productive after discovery has been exchanged.

**12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action:**

[NONE]

**13. A statement that counsel for the parties have conferred about each of the above matters.**

The parties certify that counsel for the parties have conferred about each of the above matters.

_____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

| Event | Agreed Date |
|---|---|
| Rule 16 Conference | TBD |
| Rule 26(a) Disclosures | December 15, 2016 |
| Blackbird shall identify the accused products and each asserted claim that those products allegedly infringe, disclose its damages model, and produce the file history for the asserted patents | December 16, 2016 |
| Protective Order due | January 13, 2017 |
| Defendant shall produce the core technical documents related to the accused products and sales figures for the accused product(s) including unit sales and revenue generated per year. | February 10, 2017 |
| Blackbird shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes on an element by element basis | March 31, 2017 |
| Defendant shall produce their initial invalidity contentions for each asserted claim, comparing the asserted reference to the claims on an element by element basis for primary references, as well as the cited invalidating references | May 19, 2017 |
| Joinder of parties and amendment of pleadings, except inequitable conduct and willfulness | June 5, 2017 |
| Exchange proposed terms for claim construction | July 13, 2017 |
| Exchange proposed constructions for claim construction | July 28, 2017 |
| File Final Joint Claim Chart | August 18, 2017 |
| Document Production Substantially Complete | August 25, 2017 |
| Privilege logs | September 8, 2017 |
| File Opening Claim Construction Briefs | September 19, 2017 |
| Last day to amend to add inequitable conduct or willfulness allegations | September 22, 2017 |
| File Answering Claim Construction Briefs and Joint Appendix | October 20, 2017 |
| *Markman* Hearing | November __, 2017 |
| Final infringement contentions | February 2, 2018 |
| Reliance on advice of counsel (Defendant to disclose intent and produce documents) | February 28, 2018 |

| Event | Agreed Date |
|---|---|
| Final invalidity contentions | February 28, 2018 |
| Close of fact discovery | March 30, 2018 |
| Serve opening expert reports on issues for which a party bears the burden of proof | April 20, 2018 |
| Serve rebuttal expert reports | May 25, 2018 |
| Close of expert discovery | June 29, 2018 |
| Opening summary judgment letter briefs seeking permission to file summary judgment motions | July 20, 2018 |
| Answering letter briefs seeking permission to file summary judgment motions | August 3, 2018 |
| Reply letter briefs seeking permission to file summary judgment motions | August 17, 2018 |
| Summary Judgment – opening briefs[1] | within 2 weeks of Court's decision |
| Summary Judgment – answering briefs | per LR |
| Summary Judgment – reply briefs | per LR |
| Summary Judgment Hearing | TBD |
| Pretrial Order | Jan. __, 2019 |
| Pretrial Conference | Jan. __, 2019 |
| Trial | Mar. __, 2019 (3-4 days) |

---

[1] Subject to the Court's permission to file summary judgment motions.