**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>FITBIT, INC.<br><br>    Defendant. | C.A. No. 1:16-cv-00683-GMS |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>TIMEX GROUP USA, INC.<br><br>    Defendant. | C.A. No. 1:16-cv-00686-GMS |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>TOMTOM, INC.<br><br>    Defendant. | C.A. No. 1:16-cv-00687-GMS |

| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>WAHOO FITNESS L.L.C.,<br><br>    Defendant. | C.A. No. 1:16-cv-00688-GMS |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>GARMIN INTERNATIONAL, INC. AND GARMIN USA, INC.<br><br>    Defendants. | C.A. No. 1:16-cv-00689-GMS |

## JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's January 12, 2016 Order, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in telephone conferences pursuant to the Notice of Scheduling Conference and as required by the Fed. R. Civ. P. 26(f). The parties that participated and their respective counsel who participated are as follows:

For Plaintiff:

| Party | Name | Firm |
|---|---|---|
| Blackbird Tech LLC d/b/a/ Blackbird Technologies | Stamatios Stamoulis | Stamoulis & Weinblatt LLC |
| | Deborah Yates | Blackbird Technologies |

For Defendants:

| Party | Name | Firm |
|---|---|---|
| Fitbit, Inc. | Clement S Roberts | Durie Tangri |

|  | Jack B. Blumenfeld | Morris Nichols Arsht & Tunnell LLP |
|---|---|---|
| Timex Group USA, Inc. | John Cordani Jr. | Carmody Torrance Sandak & Hennessey LLP |
| TomTom, Inc. | Dipu A. Doshi<br>Adam V. Orlacchio | Blank Rome LLP |
| Wahoo Fitness L.L.C. | Douglas A. Robinson<br><br>Chad Shandler | Harness, Dickey & Pierce, PLC<br>Richards, Layton & Finger, P.A. |
| Garmin International Inc. and Garmin USA Inc. | Jason R. Mudd<br>Ken Dorsney | Erise IP, P.A.<br>Morris James, LLP |

1. **Jurisdiction and Service:**

The parties agree this Court has subject matter jurisdiction over Blackbird Technologies' claim for patent infringement under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction). Blackbird Technologies further contends that all Defendants are subject to personal jurisdiction in this District and were properly served. No defendant disputes personal jurisdiction or service for purposes of this case.

2. **Substance of the Action:**

This is a patent-infringement action. Blackbird Technologies has sued Defendants for allegedly infringing U.S. Patent No. 6,434,212 (the "212 Patent") entitled "Pedometer." Blackbird Technologies alleges that Defendants import, make, use, sell, and/or offer to sell wearable devices that infringe the patent-in-suit. Blackbird further alleges that Defendants induce infringement of the 212 Patent.

Blackbird Technologies has additionally sued Timex Group USA for also allegedly infringing U.S. Patent No. 6,175,608 (the "608 Patent"), entitled "Pedometer." Blackbird Technologies alleges that Timex Group USA imports, makes, uses, sells, and/or offers to sell wearable devices that infringe the 608 Patent.

TomTom, Wahoo, Garmin, Timex and Fitbit each denies that it has infringed the '212

Patent, and alleges that the asserted claims are invalid. Fitbit, TomTom, and Wahoo each moved to dismiss all or part of Blackbird's amended complaint on the grounds that it allegedly fails to meet the pleading standards of Rule 8. 1:16-cv-00683-GMS, D.I. 26; 1:16-cv-00687-GMS, D.I. 19, 20; 1:16-cv-00688-GMS, D.I. 16. Fitbit, Timex, and TomTom moved to dismiss on the grounds that the patent(s) asserted against them are allegedly ineligible under 35 U.S.C. § 101. 1:16-cv-00683-GMS, D.I. 29; 1:16-cv-00686-GMS, D.I. 17; 1:16-cv-00687-GMS, D.I. 19, 20.

Plaintiff opposes these motions, and has filed briefs in opposition to all of the motions.

Blackbird also sued AliphCom d/b/a Jawbone for allegedly infringing U.S. Patent No. 6,434,212 (the "212 Patent") entitled "Pedometer." 1:16-cv-00684-GMS, D.I. 1. The Clerk of Court filed an Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) on December 7, 2016. *Id.*, D.I. 12.

Blackbird also sued Sony Mobile Communications (USA), Inc., for allegedly infringing the 212 Patent. 1:16-cv-000685-GMS, D.I. 1. Sony Mobile Communications (USA), Inc. moved to dismiss on the grounds that the patent asserted is allegedly ineligible under 35 U.S.C. § 101. 1:16-cv-685-GMS, D.I. 17. Blackbird opposes the motion.

### 3. Identification of Issues:

The parties have identified the following principal disputed issues:

(a) Whether Blackbird has adequately stated a claim for the relief it seeks against Fitbit, Timex, TomTom, or Wahoo.

(b) Construction of any disputed patent claim terms or phrases.

(c) Whether Defendants are liable for infringement of the patent(s)-in-suit pursuant to 35 U.S.C. § 271.

(d) For any proven patent infringement, the amount of relief due to Plaintiff, including monetary relief under 35 U.S.C. § 284.

(e) Whether one or more claims of the patent-in-suit are invalid under one or more sections of 35 U.S.C. §§ 101, 102, 103, and 112.

(f) Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, prosecution laches, waiver, acquiescence, or estoppel.

(g) Whether Plaintiff's claims for damages are limited at least in part by 35 U.S.C. §§ 286 and 287.

**4.     Narrowing of Issues:**

Blackbird believes that the issues of this case can most efficiently and effectively be tried by coordinating the pending cases concerning the same patent for discovery and claim construction, but that each case should be tried separately.

TomTom, Wahoo and Fitbit's position is that entry of a Scheduling Order be held in abeyance until the Court resolves the pending case-dispositive motions to dismiss.

All Defendants believe that, in the event the Court enters a scheduling order prior to resolving the pending motions to dismiss or if those motions are denied, the dates provided in Exhibit A should be entered.

Wahoo, Garmin and Fitbit take no position on whether the various cases filed by Blackbird alleging infringement of the same patent-in-suit against other unrelated defendants should be consolidated for discovery and/or claim construction, and leave that docket-management decision to the Court.

All Defendants oppose consolidation for trial purposes, and request their cases each be tried separately from the other defendants' cases to avoid potential jury confusion.

**5.     Relief:**

Blackbird Technologies seeks a judgment that Defendants have infringed and continue to infringe the patent-in-suit. Blackbird Technologies further seeks damages adequate to compensate

for wrongful infringement by Defendants. Blackbird seeks enhancement and/or trebling of damages pursuant to 35 U.S.C. § 284. Blackbird Technologies additionally seeks the award of interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendants' infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial. Blackbird Technologies also seeks other and further relief and all remedies available at law. The amount of damages is unknown at this time, as Blackbird Technologies will require discovery related to infringing sales and activities and a damages analysis to calculate a reasonable royalty pursuant to the factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

TomTom and Fitbit each seek dismissal of the First Amended Complaint in its entirety, with prejudice, and that judgment of non-infringement and invalidity be entered in their favor and against Blackbird Technologies. TomTom, Fitbit, and Timex each further seeks a declaration that this case is exceptional under 35 U.S.C. § 285 and an award of each of their reasonable attorneys' fees, costs (including expert fees), and disbursements. TomTom, Fitbit, and Timex also seek such further relief as the Court may deem just and proper.

Wahoo and Timex each seek dismissal of the First Amended Complaint in its entirety, with prejudice. Wahoo and Timex each deny that Blackbird is entitled to any relief, and reserve all rights to present their claims for relief at the appropriate time in an answer, should one be required.

Garmin seeks judgment of non-infringement and invalidity should be entered in their favor and against Blackbird Technologies. Garmin further seeks a declaration that this case is exceptional under 35 U.S.C. § 285 and an award of its reasonable attorneys' fees, costs (including expert fees), and disbursements. Garmin also seek such further relief as the Court may deem just and proper.

**6.     Amendment of Pleadings:**

TomTom, Wahoo and Fitbit's position is that entry of a Scheduling Order be held in abeyance until the Court resolves the pending case-dispositive motions to dismiss. In the event the Court enters a scheduling order prior to resolving those motions or if those motions are denied, the parties have agreed that all amendments to pleadings, other than to plead willfulness or inequitable conduct, or for good cause shown, shall be submitted no later than **June 5, 2017**.

**7.     Joinder of Parties:**

TomTom, Wahoo and Fitbit's position is that entry of a Scheduling Order be held in abeyance until the Court resolves the pending case-dispositive motions to dismiss. In the event the Court enters a scheduling order prior to resolving those motions or if those motions are denied the parties have agreed that all joinder of parties, other than for good cause shown, shall occur no later than **June 5, 2017**.

**8.     Discovery:**

TomTom, Wahoo and Fitbit's position is that entry of a Scheduling Order be held in abeyance until the Court resolves the pending case-dispositive motions to dismiss. In the event the Court enters a scheduling order prior to resolving those motions or if those motions are denied, the parties believe that all fact discovery will be completed by **March 30, 2018**.  The parties have attached the proposed deadlines for discovery in this case as Exhibit A.  The parties shall exchange privilege logs by **September 7, 2017**.  The parties shall not be required to log any documents generated on or after the filing date of the instant action.  Additionally, the parties propose that the default limits on discovery contained in the Federal Rules of Civil Procedure shall apply, absent leave, however the parties propose that each side shall be entitled to up to fourteen (14) hours of total deposition testimony of the other side pursuant to Federal Rule of Civil Procedure 30(b)(6).

9. **Estimated trial length:**

The parties believe that each trial will last for **4-5 days.**

10. **Jury trial:**

Blackbird has requested a jury trial.

11. **Settlement:**

Plaintiff has discussed the potential of settlement with the different Defendants. The parties consent to having these cases referred to mediation before a magistrate judge.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action:**

The parties will require a Protective Order for confidential information.

Additionally, if Blackbird is found to adequately state a claim for infringement against Wahoo, Wahoo believes this case can be resolved via an early motion for summary judgment of non-infringement on the issue of whether Wahoo's accused devices calculate distance in the manner required by the asserted patent. To that end, Wahoo requests permission to submit a letter brief explaining why the Court should grant Wahoo permission to file an early summary judgment brief.

13. **A statement that counsel for the parties have conferred about each of the above matters.**

The parties certify that counsel for the parties have conferred about each of the above matters.

---
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

| Event | Deadline |
|---|---|
| Rule 16 Conference | TBD |
| Rule 26(a) Disclosures | [complete] |
| Blackbird shall identify the accused products and each asserted claim that those products allegedly infringe, disclose its damages model, and produce the file history for the asserted patent | [complete] |
| Protective Order due | February 8, 2017 |
| Defendants shall produce the core technical documents related to the accused products and annual unit sales and revenues for the accused product(s) for each of the prior six years. Blackbird shall produce (1) a copy of each settlement, license, covenant not to sue or other agreement granting rights in the '212 patent and (2) all offers it has made (or received) for a settlement, license or covenant not to sue in the '212 patent. | March 1, 2017 |
| Blackbird shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes on an element by element basis | April 14, 2017 |
| Defendants shall produce their initial invalidity contentions for each asserted claim, comparing the asserted reference to the claims on an element by element basis for primary references, as well as the cited invalidating references | June 2, 2017 |
| Joinder of parties and amendment of pleadings, except inequitable conduct and willfulness | June 5, 2017 |
| Exchange Plaintiff's and Defendants' proposed terms for claim construction | July 13, 2017 |
| Exchange Plaintiff's and Defendants' proposed constructions for claim construction | July 28, 2017 |
| File Final Plaintiff's and Defendants' Joint Claim Chart | August 18, 2017 |
| Document Production Substantially Complete | August 24, 2017 |
| Privilege logs | September 7, 2017 |
| File Plaintiff's and Defendants' Opening Claim Construction Briefs | September 19, 2017 |
| Last day to amend to add inequitable conduct or willfulness allegations | September 22, 2017 |

| Event | Deadline |
|---|---|
| File Plaintiff's and Defendants' Answering Claim Construction Briefs and Joint Appendix | October 20, 2017 |
| *Markman* Hearing | November __, 2017 (at the Court's convenience) |
| Final infringement contentions | February 2, 2018 |
| Reliance on advice of counsel (Defendants to disclose intent and produce documents) | February 28, 2018 |
| Final invalidity contentions | March 2, 2018 |
| Close of fact discovery | March 30, 2018 |
| Serve opening expert reports on issues for which a party bears the burden of proof | April 20, 2018 |
| Serve rebuttal expert reports | May 25, 2018 |
| Close of expert discovery | June 29, 2018 |
| Opening summary judgment letter briefs seeking permission to file summary judgment motions | July 20, 2018 |
| Answering letter briefs seeking permission to file summary judgment motions | August 3, 2018 |
| Reply letter briefs seeking permission to file summary judgment motions | August 17, 2018 |
| Summary Judgment – opening briefs[1] | within 2 weeks of Court's decision |
| Summary Judgment – answering briefs | per LR |
| Summary Judgment – reply briefs | per LR |
| Summary Judgment Hearing | TBD |
| Pretrial Order | Jan./Feb. __, 2019 |
| Pretrial Conference | Jan./Feb. __, 2019 |
| Trial | Mar./Apr./May __, 2019 (4-5 days) |

---

[1] Subject to the Court's permission to file summary judgment motions.