**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC, d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>    v.<br><br>FITBIT INC.<br><br>        Defendant. | C.A. No. 16-CV-683 (GMS) |
| BLACKBIRD TECH LLC, d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>    v.<br><br>TIMEX GROUP USA, INC.<br><br>        Defendant. | C.A. No. 16-CV-686 (GMS) |
| BLACKBIRD TECH LLC, d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>    v.<br><br>TOMTOM, INC.<br><br>        Defendant. | C.A. No. 16-CV-687 (GMS) |
| BLACKBIRD TECH LLC, d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>    v.<br><br>WAHOO FITNESS LLC,<br><br>Defendant. | C.A. No. 16-CV-688 (GMS) |

BLACKBIRD TECH LLC, d/b/a
BLACKBIRD TECHNOLOGIES,

        Plaintiff,

   v.

GARMIN INTERNATIONAL, INC. AND
GARMIN USA, INC.

        Defendant.

C.A. No. 16-CV-689 (GMS)

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, each of the parties to the above-captioned actions (the "Action") may request or produce discovery or documents, information, or other materials which may contain or relate to confidential research, development, or commercial information of another party or of a third party;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action.

**1.**    <u>**DEFINITIONS:**</u>

        a.    <u>Party</u>:  a named party in at least one of the above-captioned cases, or any person or entity that may later join this Action.

        b.    <u>Person</u>:  an individual or an entity, whether a Party, third party, or non-party.

        c.    <u>Producing Party</u>:  a Party, third party, or non-party who produces information via the discovery process in this Action.

        d.    <u>Receiving Party</u>:  a Party who receives information via the discovery process in this Action.

        e.    <u>"HIGHLY CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure Rule 26(c)(1)(G).

       f.      <u>Designating Party</u>: a Party, third party, or non-party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE"

       g.      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

       h.      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

       i.      <u>"HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR"</u> <u>Information or Items</u>: information that is HIGHLY CONFIDENTIAL and is proprietary technical information, including Source Code Material, the disclosure of which during patent acquisition or prosecution activities would create a risk of serious injury to the competitive interests of the producer.

       j.      <u>"HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" Information or Items and "Source Code Material"</u>: any and all non-public Discovery Material containing computer source code, pseudo code, or similar HIGHLY CONFIDENTIAL programming language or instructions that in general are converted into machine language by compilers, assemblers, or interpreters, including material derived from it, including copies, recordings, summaries, abstracts, excerpts, analyses or the like.

k. <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, jury research, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

l. <u>"Protected Information"</u>:  information that is Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE."  Information is not Protected Information if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by lawful means not constituting a breach of this Order or separate court order. Information is likewise not Protected Information if a person lawfully obtained it independently of these litigations.

2. **SCOPE:**

The protections conferred by this Stipulation and Order cover not only Protected Information (as defined above), but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Information.

3. **DESIGNATION OF PROTECTED INFORMATION:**

a. A Party's, third party's, or non-party's designation of information or items for protection under this Order means that the Party, third party, or non-party believes in good faith, upon reasonable inquiry, that the information qualifies for protection.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of

material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

        b.      Designation in conformity with this Order requires:

        i.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" to each page that contains Protected Information. If only a portion or portions of material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

        ii.      Information in native electronic format shall be designated for protection under this Order through any method that will reasonably inform individuals that the files contain Protected Information, including, without limitation, by appending "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" to the file names of the documents, as appropriate. When electronic files containing Protected Information are printed for use at deposition or in a court proceeding, the Party printing the electronic files shall clearly and prominently affix the appropriate legend to them.

iii.     The restrictions set forth for information designated as "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR" shall not be triggered by review of a document or thing later designated as "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR" to the extent the document or thing was not so designated at the time of the review.

iv.     Transcripts of pretrial proceedings, trial proceedings, or depositions taken in this Action that contain Protected Information may be designated "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" in their entirety or in part and thereby obtain the protections accorded other such documents. Confidentiality designations for deposition or proceeding transcripts shall be made either on the record or by written notice to the Parties within 14 days after the conclusion of the proceeding or deposition or 14 days after the transcript becomes available (whichever is later). Unless otherwise agreed, depositions shall be treated as "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR" until the expiration of the 14-day period after the conclusion of the proceeding or deposition.  Party representatives may attend the deposition of any witness in this matter.  Any person whose Protected Information may be revealed during the deposition may request that any such Party representatives be excused from those portions of the deposition.  A person can only request exclusion of a Party representative when the person believes in good faith that the relevant testimony will contain a Party's Protected Information.  Party representatives may not be excluded from the entirety of any given deposition on the basis of a blanket confidentiality designation.

c.     Parties shall give the other parties notice if they reasonably expect a

deposition, hearing or other proceeding to include Protected Information. The use of a document as an exhibit at a deposition shall not in any way affect its designation.

d.  Transcripts containing Protected Information shall have an obvious legend on the title page that the transcript contains Protected Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Information and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

e.  The Parties shall file under seal any portions of briefs, memoranda, and other pleadings filed with the Court, and/or move to seal court transcripts that contain Protected Information, and shall ask the Court to exclude from hearings or other proceedings any person not entitled under this Order to receive Protected Information whenever such information is to be discussed. To the extent a document must be publicly filed with Protected Information redacted from it, it shall be the responsibility of the Party whose Protected Information is to be redacted to prepare the redacted version of the document for filing.

f.  An inadvertent failure to designate qualified information or items does not, standing alone, constitute forfeiture of a claim of confidentiality.  With respect to documents and things inadvertently left undesignated, the Producing Party shall, upon discovery that the document[s] and/or thing[s] are not designated, notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality designation. The restrictions set

forth for information designated ""HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR" shall not be triggered by review of a document, thing, or testimony later designated as "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR" to the extent the document, thing, or testimony was not so designated at the time of review. In the event of any disclosure of Protected Information other than in a manner authorized by this Order, including any unintentional or inadvertent disclosure, counsel for the Party responsible for the disclosure shall notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

g. A Person who has designated information as "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" may withdraw the designation by written notification to all Parties.

h. Any Party may request a change in the designation of any information. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" in this Action may be affected. The Designating Party asserting that the material is Protected Information shall have the burden of proving that the designation is proper.

**4. <u>USE AND DISCLOSURE OF PROTECTED INFORMATION:</u>**

a. Protected Information and the substance or content thereof, including any notes, memoranda, or other documents incorporating, reflecting, or summarizing such information, or any other information that might reveal such protected information, shall be used by a Receiving Party and its authorized representatives or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom. Such information may not be used for any other purpose, including but not limited to use in other litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution or procurement advice. The restrictions in this Order on the use of Protected Information shall apply to all documents and things containing information designated "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE," including but not limited to (i) portions of documents, copies, extracts, and complete or partial summaries, including electronic files and communications, prepared from or containing such information; (ii) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (iii) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (iv) deposition testimony designated in accordance with paragraph 3(b); and/or (v) testimony taken at a court proceeding that is designated in accordance with paragraph 3(b).

b. Protected Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

c. <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

   i. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

   ii. the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Undertaking" (Exhibit A);

   iii. for plaintiff; counsel of record at Blackbird Tech LLC d/b/a Blackbird Technologies, including administrative support staff employees to whom it is reasonably necessary to disclose the information for this litigation;

   iv. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Undertaking" (Exhibit A);

   v. the court and its personnel;

   vi. any mediator who is assigned to hear these matters, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

   vii. court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Undertaking" (Exhibit A);

   viii. during their depositions, witnesses in this Action to whom disclosure is reasonably necessary and who have signed the "Confidentiality Undertaking"

(Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

        ix.     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, as identified by sworn testimony of another or unambiguous information that appears on the face of a document.

        d.     <u>Disclosure of ""HIGHLY CONFIDENTIAL— SUBJECT TO PROSECUTION BAR"  Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL— SUBJECT TO PROSECUTION BAR" only to:

        i.     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

        ii.     for each Defendant, up to three in-house counsel who have signed the "Confidentiality Undertaking" (Exhibit A);

        iii.     for plaintiff; counsel of record at Blackbird Tech LLC d/b/a Blackbird Technologies, including administrative support staff employees to whom it is reasonably necessary to disclose the information for this litigation;

        iv.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Undertaking" (Exhibit A);

        v.     the Court and its personnel;

vi.       any meditator who is assigned to her these matters, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

vii.       court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Undertaking" (Exhibit A);

viii.       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information as identified by sworn testimony of another or unambiguous information that appears on the face of a document.

e.       A Party who wishes to disclose Protected Information to a person not otherwise authorized under this Order to see that information must first make a reasonable attempt to obtain the Designating Party's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

f.       Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated as Protected Information first must make a written notification to the Designating Party that provides, in addition to the general categories of Protected Information that the Receiving Party seeks permission to disclose to the Expert, (i) a written identification of the expert or consultant, (ii) a copy of his or her *curriculum vitae*, (iii) a disclosure of any previous or current relationship with any party to this action, (iv) a disclosure (by name and number of the case, filing date, and location of the court) any litigation in connection with which the expert or consultant has provided any professional services during the preceding four years, and (v) a disclosure of the expert's past and current employment and (non-

confidential and non-privileged) consulting relationships in the last four (4) years relating to work in his or her areas of expertise or to whom the expert has provided professional services. If an expert or consultant is unable or unwilling to provide the information described in parts (iv) and (v), the expert or consultant and party must disclose that information has been withheld and participate in good faith conferrals regarding the nature and technology involved in the withheld disclosures so that the producer is able to ascertain any potential confidentiality concerns. If the producer has good cause to object to the disclosure of its Protected Information to the expert or consultant, it must serve the party proposing to make the disclosure with a written objection within five business days after service of the identification. For the avoidance of doubt, objection to the qualifications of the expert or consultant does not constitute good cause. Unless the parties resolve the dispute within five business days after service of the objection, the producer must move the Court promptly, but no later than ten business days after parties' conferral regarding the objection, for a ruling, and the Protected Information may not be disclosed to the expert or consultant without the Court's approval. If the producer does not move the Court within ten business days after the parties' conferral regarding the objection, the party proposing to make the disclosure may produce Protected Information to the identified expert or consultant (or member of their staff).

g.      A Party who wishes to disclose Protected Information to a person not otherwise authorized under this Order to see that information must first make a reasonable attempt to obtain the producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

**5.** **PARTY'S OWN INFORMATION:**

Nothing in this Order shall limit any producer's use of its own documents or shall prevent any producer from disclosing its own information to any person. Such disclosures shall not affect any designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

**6.** **DOCUMENT DISPOSAL:**

Within sixty (60) days after the conclusion of these litigations, which is defined as entry of final judgment in all above captioned cases, each Party must destroy or return to the Producing Party all documents and copies of documents containing the Producing Party's Protected Information. Upon the written request of the Producing Party, the Party returning and/or destroying the Producing Party's Protected Information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or work product, all remaining subject to all requirements of this Order, and a Party and its counsel are not required to delete information that may reside on their respective electronic back-up systems that are overwritten in the normal course of business. Further, counsel of record (i) shall not be required to delete their e-mails at the conclusion of this litigation, but (ii) shall be required to continue to treat any such work product or e-mails that contain or refer to Designated Materials as required by this Order.

**7.** **SOURCE CODE:**

        a.      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL — SUBJECT TO

PROSECUTION BAR: SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret Source Code Material.  Protected Information designated as "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR" information may be disclosed, as set forth in this Order, subject to the following additional restrictions.  For Protected Information designated "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE," the following additional restrictions apply:

   i. Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The display for the Source Code Computer shall be at least 20 inches.   The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraph 7.  Additionally, unless otherwise agreed by the Producing Party, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel.

   ii. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the

Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

iii.     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

iv.     The Producing Party will produce Source Code Material in computer searchable format, including the ability to perform key word searches across the Source Code Material and within any given source code file, on the stand-alone computer(s) as described above.

v.     The native directory structure, if any exists, of the Source Code shall be maintained when made available for inspection.

vi.     If the Receiving Party wishes to install any other software on the Source Code Computer, the Receiving Party shall provide, at its own expense, copies of the requested software at least five days in advance of the date on which the source code review will be performed.  The Producing Party shall have an opportunity to review and object to said software for good cause.

vii.     Access to Protected Information designated HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE shall be limited to counsel of record and up to three (3) outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

litigation and approved to access such Protected Information pursuant to paragraph 4 above.    A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

viii.    To the extent portions of Source Code Material are quoted in a  document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" or (2) those pages containing quoted  Source Code Material will  be separately  stamped and treated as HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE;

ix.    No electronic copies of Source Code Material shall be made, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must or may be filed or served electronically, including expert reports;

x.    The Producing Party shall make available a printer for on-site printing during inspection of the Source Code.  The Receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material, which shall in no case exceed 50 consecutive pages nor 500 total pages, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE."  The Receiving Party may make up to two (2) photocopies of the printed source code material, which shall be clearly labeled "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE," and the Receiving Party must make one (1) printout or photocopy of the printed source code material and leave it with the Producing Party. The Receiving Party shall

maintain a log of all such files that are printed or photocopied, which shall include a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as expressly authorized in paragraph 7;

                xi.      If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

                xii.     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 7 to another person authorized under paragraph 7 above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court filings or expert reports and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

## 8.    __PROSECUTION BAR:__

      Any attorney, agent, or other individual who, under this Order, has access to or has had

access to materials designated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" shall not, after entry of this Order, be involved, directly or indirectly, in prosecuting, supervising prosecution, or materially assisting in the prosecution of any patent application before a domestic or foreign agency, or otherwise in the amendment of any application and/or patent, relating to activity/fitness tracker technology during the pendency of these cases and for one year after the conclusion of these litigations, which is defined as entry of final judgment in all above captioned cases. "Prosecution" as used in this paragraph includes the direction of outside patent prosecution counsel, but does not include the representation of a party or the direction of outside counsel in connection with ex parte reexamination, inter partes review or other form of post-grant review, with the understanding that no "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" information of another party from these litigations shall be used for any of those activities unless so permitted by written agreement of the parties and a protective order entered in connection with those activities, and such representation and direction may not include participating in any way in the crafting of or advising on new or amended claims or potential new or amended claims, or in the drafting or preparation of any motion or document filed pursuant to 35 U.S.C. § 316(d) or 37 C.F.R. § 1.530(d).

9. **COVENANT NOT TO SUE:**

Blackbird Tech LLC d/b/a Blackbird Technologies (and any predecessors, successors, assigns, parents, subsidiaries, divisions, entities that have a parent entity in common with Blackbird Tech LLC d/b/a Blackbird Technologies, and all past and present directors, officers, and employees of Blackbird Tech LLC d/b/a Blackbird Technologies who have access to or who

have had access to materials designated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" (collectively, "Blackbird Affiliates")) covenants not to sue Defendants Fitbit, Inc., Garmin International, Inc., Garmin USA, Inc., Timex Group USA, Inc., TomTom Inc., and Wahoo Fitness LLC (collectively, "Defendants"); any of the Defendants' predecessors, successors, assigns, parents, subsidiaries, divisions, entities that have a parent entity in common with a Defendant, and all past and present directors, officers, and employees of each Defendant (collectively, "Defendant Affiliates") for patent infringement of any patents relating to any activity/fitness tracker technology ("Restricted Patents") that are acquired by Blackbird Tech LLC d/b/a Blackbird Technologies or Blackbird Affiliates during the time between the entry of this Order and one year after the conclusion of these litigations, which is entry of final judgment in all above captioned cases (the "Restricted Period"). For the avoidance of doubt, if Blackbird Tech LLC d/b/a Blackbird Technologies or any Blackbird Affiliate acquires (or instructs a third party to acquire and hold for the benefit of Blackbird Tech LLC d/b/a Blackbird Technologies or any Blackbird Affiliate) any Restricted Patent during the Restricted Period, Blackbird Tech LLC d/b/a Blackbird Technologies or any Blackbird Affiliate may never assert any such Restricted Patent against Defendants or Defendant Affiliates. Blackbird Tech LLC d/b/a Blackbird Technologies and Blackbird Affiliates further covenants not to sue third parties who supply a Defendant with products accused of infringement in the above-captioned litigations ("Suppliers"), or any person who purchases a product from a Defendant ("Customers"), for infringement of Restricted Patents that are acquired by Blackbird Tech LLC d/b/a Blackbird Technologies during the Restricted Period by products accused of infringement in the above-captioned litigations. After a Defendant is no longer party to these litigations, that Defendant

will, within 14 days of a written request from Blackbird Tech LLC d/b/a Blackbird Technologies

for confirmation whether a person is a Defendant Affiliate, Supplier, or Customer subject to the

covenant not to sue set forth in this paragraph, disclose to Blackbird Tech LLC d/b/a Blackbird

Technologies whether the person is a Defendant Affiliate, Supplier, or Customer subject to the

covenant not to sue set forth in this paragraph and, upon request, provide documentary evidence

sufficient to show the same.  To the extent a Defendant Affiliate, Supplier, or Customer is not

disclosed by the Defendant in response to such a request from Blackbird Tech LLC d/b/a

Blackbird Technologies, the covenant not to sue set forth in this paragraph will not apply with

respect to that person that was the subject of the request.  Blackbird Tech LLC d/b/a Blackbird

Technologies and Blackbird Affiliates further covenants not to use any materials designated as

"HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" or "HIGHLY

CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" to seek or obtain

financing or investment from third parties during the Restricted Period for the specific purpose of

acquiring a Restricted Patent and filing any patent infringement lawsuit asserting a Restricted

Patent against any Defendant or Defendant Affiliate.

**10.**   **SURVIVAL OF OBLIGATIONS:**

This Order's obligations regarding Protected Information survive the conclusion of these

cases.

**11.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION:**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Information to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Information, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the "Confidentiality Undertaking" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED INFORMATION:

Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

## 13.   NON-PARTY USE:

A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROSECUTION BAR: SOURCE CODE" pursuant to the terms of this Order.

## 14.   NO NON-PARTY ACCESS:

A non-party's use of this Order to protect its information does not entitle that non-party access to the Protected Information produced by any other Party in these cases.

## 15.   EXPERT DRAFTS:

In accordance with Federal Rule of Civil Procedure 26(b), communications and

exchanges between counsel and experts and consultants, including without limitation those made in preparing drafts of expert reports, are not discoverable unless they identify facts, data, or assumptions relied upon by the testifying expert in forming any opinions in these litigations and such information is not already disclosed in the expert's report. Experts and consultants shall not be subject to discovery of any draft of their reports in these cases and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in these litigations are exempt from discovery.

## 16. POST-FILING PRIVILEGE LOG:

No Party shall be required to identify on its privilege log any document or communication related to these litigations dated on or after the filing of the first above-captioned case that, absent this provision, the Party would have been obligated to so identify on its privilege log. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents.

## 17. ADDITIONAL RELIEF:

Nothing herein shall prevent a Party, third party, or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional protective orders.

## 18. NOTICE:

Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by counsel of record for the Party against whom such waiver will be effective.

## 19. NO WAIVER:

By stipulation to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object, on any ground, to the admission of any

of the material covered by this Order.

**20.**     **EFFECTIVE IMMEDIATELY:**

This Order shall become effective as a stipulation between the Parties immediately upon filing, notwithstanding the pendency of approval by the Court, and the Parties shall treat any Protected Information produced before Court approval as provided herein.

**21.**     **GOOD FAITH:**

Counsel shall make a good faith effort to resolve by agreement any questions concerning the interpretation or application of this Order that may arise.

**22.**     **JURISDICTION:**

The Court shall retain jurisdiction regarding all future disputes relating to this Order.

Dated: February 21, 2017

IT IS SO ORDERED, this _____ day of _____, 2017.

_____

United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC, d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>FITBIT INC.<br><br>Defendant. | C.A. No. 16-CV-683 (GMS) |
| BLACKBIRD TECH LLC, d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>TIMEX GROUP USA, INC.<br><br>Defendant. | C.A. No. 16-CV-686 (GMS) |
| BLACKBIRD TECH LLC, d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>TOMTOM, INC.<br><br>Defendant. | C.A. No. 16-CV-687 (GMS) |
| BLACKBIRD TECH LLC, d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>WAHOO FITNESS LLC,<br><br>Defendant. | C.A. No. 16-CV-688 (GMS) |

BLACKBIRD TECH LLC, d/b/a
BLACKBIRD TECHNOLOGIES,

      Plaintiff,

    v.

GARMIN INTERNATIONAL, INC. AND
GARMIN USA, INC.

Defendant.

C.A. No. 16-CV-689 (GMS)

## <u>CONFIDENTIALITY UNDERTAKING OF</u> *[Insert name]*

I, [insert person's name], state the following under penalties of perjury as provided by law:

I have either been retained by [insert party's name] as an expert or consultant in connection with these cases or I am otherwise required to execute this undertaking to receive Protected Information that is covered by the Court's Protective Order dated [fill in date]. I will be receiving Protected Information that is covered by the Court's Protective Order dated [fill in date]. I have read the Court's Protective Order and understand its terms, including that the Protected Information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Protective Order. I agree to use the Protected Information solely for purposes of these cases and not for any other purpose. I understand that neither the Protected Information nor any notes, communications, documents, or other materials reflecting that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Protected Information and any notes, communications, documents, or other materials concerning that information to the attorney for [insert name of retaining party] or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or

to the propriety of venue in that Court.

_____

(Signature)

_____

(Date)